IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ALFORD A. FREEMAN                                                          PLAINTIFF

       v.                              CIVIL NO.: 09-3013

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Alford Freeman, appealed the Commissioner's denial of benefits to this court. On April 30, 2010, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 9). Plaintiff now moves for an award of $1586.60 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 5.30 attorney hours at an hourly rate of $155.00, 9.55 paralegal hours at an hourly rate of $75.00, and $48.85 in costs and fees. (Doc. # 11-11). The defendant has filed a response voicing no objections to the fee requested. (Doc. #12). However, the defendant does object to counsel's request that the fees be awarded directly to him.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

AO72A
(Rev. 8/82)

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $155.00.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28

3

U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living. (Doc. 11-1). Accordingly, we find that plaintiff's counsel is entitled to an hourly rate above the statutory minimum in the amount of $155.00 per hour.

Plaintiff's counsel has also requested compensation for paralegal hours worked at the rate of $75.00 per hour. He has attached a number of affidavits as exhibits to show that this is the going rate for paralegal services in this area. Accordingly, we find $75.00 per hour for paralegal work to be reasonable. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for 0.25 paralegal hours on February 18, 2009, (receipt and review of file-marked copy of the complaint, summons, etc. Review of file) and .50 paralegal hours on April 2, 2009, (Letters to all parties perfecting service of the complaint upon them. Review of file.). We find that these tasks could have been performed by support staff. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).

4

Therefore, we are of the opinion that .75 paralegal hours should be deducted from the total number of compensable hours.

Counsel also requests .25 paralegal hours for receiving and reviewing the Order granting IFP, .50 paralegal hours for the preparation of and filing of the affidavits of service, .25 paralegal hours for reviewing the briefing schedule, .25 paralegal hours for receiving and reviewing Defendant's Motion for Extension of time, .50 paralegal hours for receiving and reviewing the Order reversing the case, and 3.00 paralegal hours for preparing his EAJA motion and supporting documents. We note that plaintiff's counsel is well versed in social security law and has represented numerous social security claimants before this Court. Accordingly, we do not believe it should not have taken him or his paralegal this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D. Ark. 1989). The Orders referred to were all simple one page documents. Further, we find that it should not taken an attorney and/or his paralegal longer than 1.50 hours to prepare the Motion for EAJA fees and supporting documentation. Accordingly, we recommend that 2.75 paralegal hours be deducted from the total number of compensable hours.

In addition, plaintiff's counsel seeks .25 paralegal hours for receiving and reviewing the Notice of Order of the Appeals Council remanding the case to the ALJ, .30 paralegal hours for preparing a letter to ODAR requesting copies of all their exhibits, and .25 hours for receiving and reviewing the exhibit CD and barcodes from the SSA. However, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984) (holding that a Social Security claimant cannot recover attorney's fees for work

performed in administrative proceedings after remand). As there were all tasks completed after the case was remanded by this court, we recommend deducting .80 paralegal hours.

Finally, counsel seeks reimbursement for $48.85 in expenses incurred with regard to postage and photocopies. Such expenses are recoverable under the EAJA and we find $48.85 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff attorney fees under the EAJA for: 5.30 attorney hours at the rate of $155.00 per hour, 5.25 (9.55-4.30), paralegal hours at the rate of $75.00 per hour, and $48.85 in costs for a total attorney's fee award of $1264.10. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

We note the Defendant has objected to counsel's request that the fee be awarded directly to him. On June 14, 2010, the Supreme Court held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA award by this Court should be payable to plaintiff and not plaintiff's counsel.

Dated this <u>11th</u> day of August 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)